■ MICHAEL A. BUSH, Petitioner, v VILLAGE OF EAST ROCHESTER, Respondent. — Determination unanimously annulled, with costs, and petition granted in accordance with memorandum. Callahan, J., not participating. Memorandum: Petitioner Bush, a former police officer with the Village of East Rochester, seeks review pursuant to CPLR 7804 (subd [g]) of a determination after a hearing of the Village of East Rochester terminating his employment based on the findings that he violated the general order issued September 15, 1978 by East Rochester Police Chief Bussey and sections 1.1 (Obedience to Laws, Ordinances, Rules and Regulations), 1.3 (Obedience to Orders), and 1.8 (Insubordination) of the Manual of Rules and Regulations of the East Rochester Police Department as a result of the alleged violation of said general order. The general order prohibits police personnel from taking calls out of the village limits unless requested to do so by the dispatcher or unless "a state of emergency or a serious problem exists where life or property loss is at stake." The charges against petitioner stemmed from an incident in which he, concededly without being requested to do so by a dispatcher, left the Village of East Rochester at approximately 2:30 A.M. on September 28, 1978 to aid Officer Werth of the Webster Police Department in a high-speed chase. There is unrefuted evidence that an emergency situation existed; the suspect vehicle, which refused to pull over in response to Officer Werth's siren and was running in excess of the speed limit through stop signs and traffic signals, was traveling southbound on Five Mile Line Road approaching the Village of East Rochester at a time when bars were closing and people were out in the streets. Chief Bussey, who instituted the charges against petitioner, stated that if there had been no other law enforcement vehicles available to aid Officer Werth, petitioner's actions would have been proper. Chief Bussey stated, however, that there were four Monroe County Sheriff's Department vehicles available to assist in the chase. The evidence is uncontradicted that none of these four

cars radioed an express intention to assist Officer Werth; nor did anyone else on duty that night. Moreover, the testimony of Corporal Josh, a command officer in the Sheriff's Department, and of other Deputy Sheriffs showed that of the four vehicles named by Chief Bussey, one was too far away to assist, the second was out of service on a burglary call, the third was at a location unknown even to Corporal Josh, and the fourth was not able to join the chase until six minutes after petitioner had joined. No other law enforcement vehicle arrived to assist until after the chase had ended. Thus, the proof establishes that petitioner's actions were proper. Accordingly, the determination is annulled as not supported by substantial evidence (see *300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176; *Matter of Pell v Board of Educ.,* 34 NY2d 222), the charges dismissed, and respondent directed to restore petitioner to his position with full pay for the period of suspension less the amount of compensation which he may have earned in any other employment and any unemployment insurance benefits he may have received during such period (Civil Service Law, § 75, subd 3). (Article 78 proceeding transferred by order of Monroe Supreme Court.) Present — Cardamone, J.P., Hancock, Jr., Callahan, Denman and Schnepp, JJ.